UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DR. CHEIKH SEYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-4384 |
| | ) |
| THE BOARD OF TRUSTEES OF | ) |
| INDIANA UNIVERSITY a/k/a | ) |
| INDIANA UNIVERSITY-PURDUE | ) |
| UNIVERSITY INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Dr. Cheikh Seye ("Dr. Seye"), brings this action against Defendant, The Board of Trustees of Indiana University a/k/a Indiana University-Purdue University Indianapolis ("Defendant"), for unlawfully violating his rights as protected by the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et. seq.* ("Section 504").

**PARTIES**

2. Dr. Seye has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a public university operating within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 29 U.S.C. § 794a.

5. Dr. Seye is an employee within the meaning of Section 504 of the Rehabilitation Act.

6. Dr. Seye is an employee under a "program or activity" pursuant to 29 U.S.C. § 794(b).

7. Defendant is an employer within the meaning of Section 504 of the Rehabilitation

Act.

8. At all relevant times, Defendant received federal funding, including for a variety of educational and research positions and programs. Defendant has received federal funding and is principally engaged in the business of providing educational services to students.

9. Dr. Seye is an individual with a disability as that term is defined by Section 504 of the Rehabilitation Act, including 29 U.S.C. §§ 705(9) and (20).

10. Dr. Seye is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant within the meaning of Section 504 of the Rehabilitation Act.

11. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

12. Dr. Seye has disabilities that have substantially limited him in one or more major life activities, including, but not limited to, working, concentrating, and thinking.

13. In or about July 2009, Defendant hired Dr. Seye to be a tenure-track Assistant Professor in the Department of Cellular and Integrative Physiology in the School of Medicine.

14. Dr. Seye's work performance has met Defendant's legitimate expectations at all relevant times.

15. Dr. Seye has a significant number of scholarly publications and a major research grant of $1,600,000 from the National Institutes of Health.

16. In or about January 2012, Dr. Seye was in a car accident resulting in debilitating injuries, thereby giving rise to his disabilities and continuing health-related symptoms arising therefrom.

17. Dr. Seye's doctors have continued to treat him for his disabilities since the accident.

18. Dr. Seye took medical leave in 2012 for his disabilities. He provided confidential medical information to Dr. Michael Sturek ("Sturek"), the Chair of Dr. Seye's department, as required by Defendant and Sturek.

19. Dr. Seye subsequently requested, in essence, a reasonable accommodation in the form of not being required to publish for a temporary period of time and that this period of time and his overall progress not be held against him when he became eligible for consideration for promotion and tenure.

20. Defendant did not propose any other accommodation, let alone engage in the interactive process with Dr. Seye.

21. In or about July 2015, Dr. Seye applied for promotion and tenure to Associate Professor. He presented his dossier to Defendant.

22. Sturek, who was tasked with timely submitting information to external reviewers, failed to discharge his duties, thereby unreasonably interfering with Dr. Seye's promotion and tenure process.

23. Sturek disclosed Dr. Seye's confidential medical information to third parties who had no reason to know the information.

24. Dr. Seye did not consent at that time to the release of any confidential medical information.

25. Sturek issued a letter not recommending promotion and tenure.

26. Dr. Seye withdrew his dossier because of Sturek's discriminatory conduct.

27. On or about July 31, 2015, Dr. Seye received a requested accommodation in the form of a tenure clock extension of one year because of his disabilities.

28. In or about September 2015, Dr. Seye tendered a Tort Claim Notice to Defendant alleging that Sturek had unlawfully disclosed his confidential medical information. This action constituted protected conduct under Section 504.

29. In or about June 2016, Dr. Seye resubmitted his dossier for promotion and tenure.

30. Defendant, through Attorney Joseph Scodro ("Scodro"), disclosed the fact of the Tort Claim Notice to the departmental Promotion and Tenure Committee ("Departmental Committee") before it voted.

31. With knowledge of his disabilities, the Departmental Committee initially voted with one vote in favor of promotion and tenure, one vote against promotion and tenure, and four abstentions.

32. Under pressure from Defendant, through Scodro and Director of Academic Administration Deborah Cowley, the Departmental Committee revoted and decided not to recommend Dr. Seye for promotion and tenure.

33. The Departmental Committee ultimately used Dr. Seye's requested accommodation, protected activities, and disabilities against him when considering his scholarly publication productivity as part of the promotion and tenure process.

34. This time, Sturek recommended Dr. Seye for promotion and tenure.

35. In or about September 2016, the Promotion and Tenure Committee for the School of Medicine ("School Committee") reviewed Dr. Seye's dossier.

36. The School Committee voted negative allegedly because of Dr. Seye's scholarly productivity.

37. The School Committee raised issues about the temporal gap in his scholarly

publications and noted it needed more information about this gap.

38. Dr. Seye attempted to provide medical information to the School Committee supporting the accommodation and the temporal gap, but Defendant ultimately refused in or about December 2016 to permit him to include such information in his dossier.

39. Defendant used his accommodation against him in the promotion and tenure process and, in effect, failed to accommodate him.

40. In or about Fall 2016, Dr. Seye amended his dossier to update his scholarly research and publication work.

41. The Departmental Committee and School Committee Chairs did not follow Defendant's tenure and promotion policies and procedures. In or about December 2016, the Chairs did not provide the amended and updated materials to the members of both Committees and did not poll them to see if their votes would change based on the amendments and updates.

42. In or about December 2016, Dr. Seye was involved in another car accident further exacerbating his disabilities.

43. In or about March 2017, Defendant's University Promotion and Tenure Committee rejected promotion and tenure for Dr. Seye.

44. On or about April 5, 2017, Defendant issued a letter notifying Dr. Seye that his contract was not being renewed after June 30, 2018 – in essence, a notice of non-reappointment.

45. Defendant has taken adverse employment actions against Dr. Seye because of his disability, record of a disability, its perception of him being disabled, and/or his engagement in statutorily-protected activities.

46. Defendant has accorded more favorable treatment to similarly-situated individuals,

who are not disabled, do not have a record of a disability, have not been regarded as disabled by Defendant, and/or have not engaged in statutorily-protected activities. For instance, such individuals have received promotion and tenure with substantially less scholarly publications and research grants.

47. All reasons proffered by Defendant for adverse actions taken by it regarding Burdine's employment are pretextual.

48. Dr. Seye has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## DISABILITY DISCRIMINATION

49. Dr. Seye hereby incorporates paragraphs 1-48 of his Complaint.

50. Defendant took adverse employment actions against Dr. Seye because of his disability, record of a disability, and/or its perception of him being disabled.

51. Defendant used Dr. Seye's requested accommodations against him in denying promotion and tenure to him, thereby ultimately failing to accommodate him and/or interfering with his requested accommodation.

52. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Dr. Seye's rights as protected by Section 504 of the Rehabilitation Act.

## COUNT II

## RETALIATION

53. Dr. Seye hereby incorporates paragraphs 1-52 of his Complaint.

54. Dr. Seye engaged in statutorily-protected conduct.

55. Defendant took adverse employment actions against Dr. Seye in retaliation for his

engagement in statutorily-protected conduct.

56. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Dr. Seye's rights as protected by Section 504 of the Rehabilitation Act.

### **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Dr. Cheikh Seye, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant grant tenure and promotion to Dr. Seye with the requisite position, salary, and seniority, or pay front pay and benefits to him in lieu of granting tenure and promotion;

2. Defendant rescind its notice of termination to Dr. Seye, or pay front pay and benefits to him in lieu of rescinding its notice of termination;

3. Defendant reinstate Dr. Seye after termination to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

4. Defendant pay lost wages and benefits to Dr. Seye;

5. Defendant pay compensatory damages to Dr. Seye;

6. Defendant pay pre- and post-judgment interest to Dr. Seye;

7. Defendant pay Dr. Seye's attorneys' fees and costs incurred in litigating this action; and

8. Defendant pay to Dr. Seye any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

*s/ Samuel M. Adams*
Samuel M. Adams, Attorney No. 28437-49

Attorneys for Plaintiff
Dr. Cheikh Seye

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570
Email:          jhaskin@jhaskinlaw.com
                   bwilson@jhaskinlaw.com
                   sadams@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Dr. Cheikh Seye, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49